

FILED
NOV 0 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY GREEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> DAVID G. DUCAR, JOHN C. KURNAT, and CITY OF CHICAGO, <br><br> Defendants. | ) 07CV6334 <br> ) JUDGE COAR <br> ) MAG. JUDGE COLE <br> ) <br> ) JURY TRIAL DEMANDED <br> ) |

## CIVIL RIGHTS COMPLAINT

Plaintiff, JOHN HENRY GREEN, JR., by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. Sections §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, individual defendants DAVID G. DUCAR (hereinafter DUCAR) and JOHN C. KURNAT (hereinafter KURNAT) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On November 8, 2005, at approximately 11:00 PM, plaintiff, JOHN HENRY GREEN, JR., was lawfully in a public place at or near 105th Street and S. Normal Avenue in Chicago, Illinois, engaged in lawful conduct, when defendants DUCAR and KURNAT stopped him without reasonable suspicion or legal cause.

9. Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

10. Defendants caused a false felony drug charge to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said charge.

11.  Plaintiff, JOHN HENRY GREEN, JR., was wrongfully incarcerated for approximately 90 days and lost his job as a result of the incarceration.

12.  At a suppression hearing based upon plaintiff's assertion that he had been arrested without probable cause, the criminal court judge made a finding of no probable cause and quashed the arrest. The false drug charge against plaintiff was dismissed.

13.  By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage.

14.  The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

15.  By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of their rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff Against Individual Defendants for Illegal Stop

16.  Plaintiff, JOHN HENRY GREEN, JR., incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

17.  The stop of plaintiff by the individual defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

18.By reason of the conduct of the individual defendants, plaintiff, JOHN HENRY GREEN, JR., was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DUCAR and KURNAT, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff Against Individual Defendants for False Arrest

19.Plaintiff, JOHN HENRY GREEN, JR., incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

20.The arrest and incarceration of plaintiff, JOHN HENRY GREEN, JR., by the individual defendants for the purpose of charging him with a false crime were without probable cause and unreasonable.

21.By reason of the conduct of the individual defendants, plaintiff, JOHN HENRY GRREN, JR., was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DUCAR and KURNAT, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiff Against Individual Defendants for Due Process Violations

22.Plaintiff, JOHN HENRY GREEN, JR., incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

23.The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known

exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff fair legal proceedings.

24. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

25. By reason of the conduct of the individual defendants, plaintiff, JOHN HENRY GREEN, JR., was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DUCAR and KURNAT, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff Against Individual Defendants for Fourth Amendment Malicious Prosecution

26. Plaintiff, JOHN HENRY GREEN, JR., incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

27. The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff. The criminal proceedings were commenced and continued maliciously.

28. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

29. Plaintiff was wrongfully incarcerated for approximately 90 days as a result of the prosecution of these criminal charges and lost his job.

30. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

31. The criminal proceedings were terminated in plaintiff's favor.

32. By reason of the conduct of the individual defendants, plaintiff, JOHN HENRY GREEN, JR., was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DUCAR and KURNAT, and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
### Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution

33. Plaintiff, JOHN HENRY GREEN, JR., incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

34. The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff. The criminal proceedings were commenced and continued maliciously.

35. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

36. Plaintiff was wrongfully incarcerated for approximately 90 days as a result of the prosecution of these criminal charges and lost his job.

37. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

38. The criminal proceedings were terminated in plaintiff's favor.

39. Defendants DUCAR and KURNAT, and each of them, is liable to plaintiff, JOHN HENRY GREEN, JR., under Illinois law for the state supplemental claim of malicious prosecution.

40. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff, JOHN HENRY GREEN, JR., by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

> A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,
>
> B. That defendants be required to pay plaintiff special damages,
>
> C. That defendants, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,
>
> D. That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,
>
> E. That defendants be required to pay plaintiff costs of the suit herein incurred, and
>
> F. That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: November 8, 2007

/s/ Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

7