UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY GREEN, JR., )<br>)<br>Plaintiff, ) | Case No. 07 C 6334 |
| )<br>v. )<br>) | Judge Robert M. Dow, Jr. |
| DAVID G. DUCAR, JOHN C. KURNAT, and )<br>CITY OF CHICAGO, )<br>)<br>Defendants. ) | Magistrate Judge Jeffrey Cole |

**REPORT OF PARTIES' PLANNING CONFERENCE**

    Pursuant to this Court's order, Irene K. Dymkar representing plaintiffs and Marc J. Bowerman representing defendants John C. Kurnat and City of Chicago conferred on January 3, 2008, pursuant to Rule 26(f), and report as follows:

    **1) Nature of the case:** This is an action brought under the Civil Rights Act of 1871 (42 U.S.C. § 1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, plaintiff alleges defendants deprived him of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff asserts a claim of an illegal stop (Count I), false arrest (Count II), denial of due process (Count III), and malicious prosecution (Counts IV and V). No answer has yet been filed by defendants. Defendant David G. Ducar has left the Chicago Police Department and defense counsel is attempting to contact him to discuss service and representation issues.

    **2) Principal legal issues**:

        a)  Was there reasonable suspicion to stop plaintiff on November 8, 2005?

        b)  Was there probable cause to arrest plaintiff?

        c)  Were criminal and civil proceedings commenced and continued maliciously by defendants against plaintiff?

        d)  Did defendants' actions deprive plaintiff of fair proceedings and thus deny him due process rights?

**3) Settlement discussions to date and settlement potential**. Counsel for the parties have discussed the possibility of an early settlement conference with the Court, but need to become more familiar with the witnesses and facts of this case.

**4) Discovery taken to date and anticipated in the future.** No discovery has been taken to date. Plaintiff anticipates issuing interrogatories and requests to produce documents and taking the depositions of both individual defendants, as well as other witnesses who are discovered by plaintiff. Defendants anticipate issuing interrogatories and requests to produce documents and taking the deposition of plaintiff, as well as other witnesses who are discovered by defendants. Counsel for the parties anticipate needing 180 days to complete discovery. The parties do not anticipate that experts will be retained in this case, but want to leave open the possibility that they may determine in the future that one is needed.

**5) Potential motions to be filed.** Defendants' counsel may file a motion to dismiss the complaint. Counsel for parties do not anticipate bringing discovery motions in this case unless problems with discovery develop. The parties may bring summary judgment motions at the close of discovery.

Date: January 4, 2008

/s Irene K. Dymkar
   Irene K. Dymkar
   Attorney for Plaintiffs

/s Marc J. Boxerman
   Marc J. Boxerman
   Attorney for Defendants