UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HENRY GREEN, JR., | ) | |
| | ) | Case No. 07 C 6334 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Dow |
| DAVID G. DUCAR, | ) | |
| JOHN C. KURNAT, and | ) | Magistrate Judge Cole |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants David G. Ducar and John C. Kurnat (collectively, the "Defendant Officers"), and Defendant City of Chicago (the "City"), by and through their attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, state for their Answers and Defenses to Plaintiff's Complaint as follows:

**NATURE OF CLAIM**

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants admit that Plaintiffs bring this suit under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 to redress alleged deprivations of Plaintiffs' civil rights resulting from acts and/or omissions allegedly committed under color of law. Defendants deny the remaining allegations contained in Paragraph 1.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

**ANSWER:** Defendants admit the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. Sections §§1343, 1331, and 1367.

**ANSWER:** Defendants admit the allegations contained in Paragraph 3.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER:** Defendants admit the allegations contained in Paragraph 4.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

**ANSWER:** Defendants admit that at the time of the events alleged in this complaint, plaintiff resided within the jurisdiction of the court. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6. At all times herein mentioned, individual defendants DAVID G. DUCAR (hereinafter DUCAR) and JOHN C. KURNAT (hereinafter KURNAT) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in Paragraph 7.

## STATEMENT OF FACTS

8. On November 8, 2005, at approximately 11:00 PM, plaintiff, JOHN HENRY GREEN, JR., was lawfully in a public place at or near 105th Street and S. Normal Avenue in

Chicago, Illinois, engaged in lawful conduct, when defendants DUCAR and KURNAT stopped him without reasonable suspicion or legal cause.

**ANSWER:** Defendants admit that plaintiff was at or near 105th Street and South Normal Avenue on November 8, 2005, at approximately 11:00 p.m. Defendants deny the remaining allegations contained in Paragraph 8.

9. Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER:** Defendants admit that plaintiff was searched and placed under custodial arrest. Defendants deny the remaining allegations contained in Paragraph 9.

10. Defendants caused a false felony drug charge to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said charge.

**ANSWER:** Defendants admit that plaintiff was booked, processed, and charged with a felony drug offense. Defendants deny the remaining allegations contained in Paragraph 10.

11. Plaintiff, JOHN HENRY GREEN, JR., was wrongfully incarcerated for approximately 90 days and lost his job as a result of the incarceration.

**ANSWER:** Defendants deny that plaintiff was wrongfully incarcerated. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. At a suppression hearing based upon plaintiff's assertion that he had been arrested without probable cause, the criminal court judge made a finding of no probable cause and quashed the arrest. The false drug charge against plaintiff was dismissed.

**ANSWER:** Defendants admit that after a suppression hearing, the judge granted plaintiff's motion to suppress and the drug charge against plaintiff was then dismissed. Defendants deny the remaining allegations contained in Paragraph 12.

13. By reason of the above-described acts and omissions of the individual defendants,

plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage.

**ANSWER:**    Defendants deny that plaintiff sustained physical injuries. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14.    The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 14.

15.    By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of their [sic] rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of whether plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him. Defendants deny the remaining allegations contained in Paragraph 15 and deny Plaintiff is entitled to the relief sought.

### COUNT I
**Plaintiff Against Individual Defendants for Illegal Stop**

16.    Plaintiff, JOHN HENRY GREEN, JR., incorporates and realleges paragraphs 1-15, as though set forth herein in their entirety.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 15 as their answer to Paragraph 16. Defendant City of Chicago makes no answer to Count I, as Count I is not directed against the City.

17.    The stop of plaintiff by the individual defendants was without reasonable suspicion

that plaintiff was involved in any criminal activity and without any other legal cause.

**ANSWER:**   Defendant officers deny the allegations contained in Paragraph 17.

Defendant City of Chicago makes no answer to Count I, as Count I is not directed against the City.

18.   By reason of the conduct of the individual defendants, plaintiff, JOHN HENRY GREEN, JR., was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DUCAR and KURNAT, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**   Defendant officers deny the allegations contained in Paragraph 18.

Defendant City of Chicago makes no answer to Count I, as Count I is not directed against the City.

## COUNT II
**Plaintiff Against Individual Defendants for False Arrest**

19.   Plaintiff, JOHN HENRY GREEN, JR., incorporates and realleges paragraphs 1 - 15, as though set forth herein in their entirety.

**ANSWER:**   Defendant Officers restate their answers for Paragraphs 1 through 15 as their answer to Paragraph 19.  Defendant City of Chicago makes no answer to Count II, as Count II is not directed against the City.

20.   The arrest and incarceration of plaintiff, JOHN HENRY GREEN, JR., by the individual defendants for the purpose of charging him with a false crime were without probable cause and unreasonable.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 20.

Defendant City of Chicago makes no answer to Count II, as Count II is not directed against the City.

21.   By reason of the conduct of the individual defendants, plaintiff, JOHN HENRY GREEN, JR., was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DUCAR and KURNAT, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**   Defendant Officers deny the allegations contained in Paragraph 21.

Defendant City of Chicago makes no answer to Count II, as Count II is not directed against the City.

### COUNT III
### Plaintiff Against Individual Defendants for Due Process Violations

22.  Plaintiff, JOHN HENRY GREEN, JR., incorporates and realleges paragraphs 1 - 15, as though set forth herein in their entirety.

**ANSWER:** Defendant Officers restate their answers for Paragraphs 1 through 15 as their answer to Paragraph 22. Defendant City of Chicago makes no answer to Count III, as Count III is not directed against the City.

23.  The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff fair legal proceedings.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 23. Defendant City of Chicago makes no answer to Count III, as Count III is not directed against the City.

24.  These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 24. Defendant City of Chicago makes no answer to Count III, as Count III is not directed against the City.

25.  By reason of the conduct of the individual defendants, plaintiff, JOHN HENRY GREEN, JR., was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DUCAR and KURNAT, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 25. Defendant City of Chicago makes no answer to Count III, as Count III is not directed against the

City.

## COUNT IV
### Plaintiff Against Individual Defendants for Fourth Amendment Malicious Prosecution

26.     Plaintiff, JOHN HENRY GREEN, JR., incorporates and realleges paragraphs 1 - 15, as though set forth herein in their entirety.

**ANSWER:**     Defendant Officers file a motion to dismiss Count IV as their answer to Count IV.  Defendant City of Chicago makes no answer to Count IV, as Count IV is not directed against the City.

27.     The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff.  The criminal proceedings were commenced and continued maliciously.

**ANSWER:**     Defendant Officers file a motion to dismiss Count IV as their answer to Count IV.  Defendant City of Chicago makes no answer to Count IV, as Count IV is not directed against the City.

28.     The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

**ANSWER:**     Defendant Officers file a motion to dismiss Count IV as their answer to Count IV.  Defendant City of Chicago makes no answer to Count IV, as Count IV is not directed against the City.

29.     Plaintiff was wrongfully incarcerated for approximately 90 days as a result of the prosecution of these criminal charges and lost his job.

**ANSWER:**     Defendant Officers file a motion to dismiss Count IV as their answer to Count IV.  Defendant City of Chicago makes no answer to Count IV, as Count IV is not directed against the City.

30. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:** Defendant Officers file a motion to dismiss Count IV as their answer to Count IV. Defendant City of Chicago makes no answer to Count IV, as Count IV is not directed against the City.

31. The criminal proceedings were terminated in plaintiff's favor.

**ANSWER:** Defendant Officers file a motion to dismiss Count IV as their answer to Count IV. Defendant City of Chicago makes no answer to Count IV, as Count IV is not directed against the City.

32. By reason of the conduct of the individual defendants, plaintiff, JOHN HENRY GREEN, JR., was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DUCAR and KURNAT, and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:** Defendant Officers file a motion to dismiss Count IV as their answer to Count IV. Defendant City of Chicago makes no answer to Count IV, as Count IV is not directed against the City.

## COUNT V
### Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution

33. Plaintiff, JOHN HENRY GREEN, JR., incorporates and realleges paragraphs 1 - 15, as though set forth herein in their entirety.

**ANSWER:** Defendants file a motion to dismiss Count V as their answer to Count V.

34. The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff. The criminal proceedings were commenced and continued maliciously.

**ANSWER:** Defendants file a motion to dismiss Count V as their answer to Count V.

35. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

**ANSWER:** Defendants file a motion to dismiss Count V as their answer to Count V.

36. Plaintiff was wrongfully incarcerated for approximately 90 days as a result of the prosecution of these criminal charges and lost his job.

**ANSWER:** Defendants file a motion to dismiss Count V as their answer to Count V.

37. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:** Defendants file a motion to dismiss Count V as their answer to Count V.

38. The criminal proceedings were terminated in plaintiff's favor.

**ANSWER:** Defendants file a motion to dismiss Count V as their answer to Count V.

39. Defendants DUCAR and KURNAT, and each of them, is liable to plaintiff, JOHN HENRY GREEN, JR., under Illinois law for the state supplemental claim of malicious prosecution.

**ANSWER:** Defendants file a motion to dismiss Count V as their answer to Count V.

40. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Defendants file a motion to dismiss Count V as their answer to Count V.

WHEREFORE, plaintiff, JOHN HENRY GREEN, JR., by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

B. That defendants be required to pay plaintiff special damages,

C. That defendants, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision,

D. That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary

and punitive damages in a sum to be ascertained at a trial of this matter,

E.  That defendants be required to pay plaintiff costs of the suit herein incurred, and

F.  That plaintiff be granted such other and further relief as this Court may deem just and proper.

**ANSWER:** Defendants deny that plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1.  Regarding Plaintiff's state law claims, to the extent any employee or agent of Defendant City of Chicago was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2004).

2.  Regarding Plaintiff's state law claims, Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

3.  Regarding Plaintiff's state law claims, Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4.  Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers

10

possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

5. Plaintiff cannot establish willful and wanton misconduct on the part of Defendant Officers; therefore, to the extent that Plaintiff's claims are based on state law, Defendant Officers are immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

6. Regarding Plaintiff's state law claims, Defendant Officers are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

7. To the extent any of Plaintiff's claims are based on state law and to the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

**DEFENSES TO ALL CLAIMS**

8. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

9. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on

the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

## JURY DEMAND

Defendants David G. Ducar, John C. Kurnat, and City of Chicago request trial by jury.

Respectfully submitted,

s/ Marc J. Boxerman
MARC J. BOXERMAN
Senior Counsel

30 N. La Salle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (Fax)
mboxerman@cityofchicago.org
Atty. No. 06215790

**CERTIFICATE OF SERVICE**

       I, Marc J. Boxerman, hereby certify that I have caused a true and correct copy of the above **Notice of Filing** and **Defendants' Answer, Defenses, and Jury Demand to Plaintiff's Complaint** to be sent via e-filing to the person named below, a "Filing User" pursuant to Case Management/Electronic Case Files, on January 22, 2008, in accordance with the rules governing the electronic filing of documents.

                                                 s/ Marc J. Boxerman
                                                 MARC J. BOXERMAN
                                                 Senior Counsel

Person served:

Irene K. Dymkar
300 W. Adams, Suite 330
Chicago, IL 60606
dymkarlaw@ameritech.net