UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY GREEN, JR., ) | |
| ) | Case No. 07 C 6334 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Dow |
| DAVID G. DUCAR, ) | |
| JOHN C. KURNAT, and ) | Magistrate Judge Cole |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' MOTION TO DISMISS
COUNTS IV AND V OF PLAINTIFF'S COMPLAINT

Defendants David G. Ducar and John C. Kurnat (collectively, the "Defendant Officers"), and Defendant City of Chicago (the "City"), by and through their attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, pursuant to Federal Rule of Civil Procedure 12(b), respectfully move this Court to dismiss Counts IV and V of Plaintiff's Complaint. In support of this motion, Defendants state as follows:

1. Plaintiff filed his complaint on November 8, 2007. The complaint alleges that on November 8, 2005, at approximately 11:00 p.m., defendants David Ducar and John Kurnat, Chicago Police officers, stopped Plaintiff while he was lawfully in a public place. *See* Complaint ¶ 8. The complaint further alleges that the officers lacked reasonable suspicion to stop Plaintiff. *See id.* The complaint further alleges that the officers arrested Plaintiff without having probable cause that he committed a crime, *see id.* ¶ 9, and caused a false felony drug charge to be filed against Plaintiff, *see id.* ¶ 10.

2. According to the complaint, pursuant to a suppression hearing held in the criminal matter, a judge quashed Plaintiff's arrest, and the drug charge against Plaintiff was dismissed. *See* Complaint ¶ 12.

3 The complaint does not allege when the charge was dismissed. However, the court file on the criminal matter to which the complaint refers indicates that the criminal matter terminated on January 27, 2006. Plaintiff was indicted for possession of a controlled substance, a violation of 720 ILCS 570/402(c), in case number 05 CR 27629. *See* Exhibit A (indictment). The Certified Statement of Conviction in this case indicates the State of Illinois *nol-prossed* the case on January 27, 2006. *See* Exhibit B. This is confirmed by the certified Report of Proceedings that transcribed the January 27, 2006 hearing. *See* Exhibit C at 20. The criminal court's dismissal order was entered the same day. *See* Exhibit D.[1]

4. Plaintiff's complaint alleges five counts. Counts I through IV are federal claims brought pursuant to 42 U.S.C. § 1983 and are directed solely against Officers Ducar and Kurnat. Count IV is a federal claim of malicious prosecution seeking relief under the Fourth Amendment. *See* Complaint at 5-6. Count V is a state law malicious prosecution claim directed against all defendants. *See id.* at 6-7.

---

[1]Generally, with a motion to dismiss, a district court's review is limited to the allegations in the complaint. *See* Fed. R. Civ. 12(b)(6); *Gomez v. Illinois State Bd. of Education*, 811 F. 2d 1030, 1039 (7th Cir. 1987). However, in considering a motion to dismiss, a court may also take into account matters of public record. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); 5 Wright & Miller, Federal Practice and Procedure, §1357 n. 1 (and cases therein). Here, because Plaintiff's state court proceeding is a matter of public record, this Court may consider that proceeding, along with the contents of that court's file, in conjunction with this motion to dismiss.

5. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Triad Associates v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true. *White v. City of Markham*, 310 F.3d 989, 992 (7th Cir. 2000). However, if the plaintiff cannot prove any set of facts upon which relief could be granted, dismissal is proper. *See Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002).

6. Under this standard, Counts IV and V should be dismissed because, even taking the allegations contained in the complaint as true, Plaintiff cannot state a claim for malicious prosecution under federal or state law.

7. Count IV fails as a matter of law because federal courts in this circuit no longer recognize a federal claim of malicious prosecution under the Fourth Amendment. After reexamining the decision in *Albright v. Oliver*, 501 U.S. 266 (1994), the Seventh Circuit clarified that there is no claim for malicious prosecution under federal law. *See Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001). *See also Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002) ("*Newsome* clarified the proper analysis, by holding that Section 1983 provides a remedy for certain forms of trial-based government misconduct based on violations of due process – not claims of malicious prosecution."). These decisions indisputably foreclose any federal malicious prosecution claim and for this reason Count IV should be dismissed with prejudice..

8. Count V fails as a matter of law because it is time-barred. To establish a state-law cause of action for malicious prosecution in Illinois, a plaintiff must show that "(1) he was subjected to judicial proceedings; (2) for which there was no probable cause;

3

(3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996) (citation omitted). Plaintiff's cause of action for this state claim arose on January 27, 2006, when the criminal proceedings against Plaintiff were dismissed by action of the prosecutor's *nolle prosequi*. *See Swick v. Liautaud*, 169 Ill. 2d 504, 513 (1996) ("In the civil malicious prosecution context, the majority rule is that a criminal proceeding has been terminated in favor of the accused when a prosecutor formally abandons the proceeding via a *nolle prosequi*, unless the abandonment is for reasons not indicative of the innocence of the accused."). *See also Ferguson v. City of Chicago*, 213 Ill. 2d 94, 101 (2004) ("A *nolle prosequi* is a formal entry of record whereby the prosecuting attorney declares that he is unwilling to prosecute a case."). Assuming the allegations in the complaint to be true, which one must do for purposes of a motion to dismiss, the date of the *nolle* is the date on which all elements of the state law tort were met, for it is on January 27, 2006, when the criminal proceedings were terminated in Plaintiff's favor.

9.      Under Illinois law, the limitations period for civil actions against a local entity or any of its employees is one year from the date the cause of action accrued. 745 ILCS 10/8-101. Hence Plaintiff had until January 27, 2007 to file his state law action for malicious prosecution. However, Plaintiff did not file his complaint until November 8, 2007 – over nine months too late. Hence Count V should be dismissed with prejudice because it is time-barred.

WHEREFORE Defendants respectfully request that Counts IV and V of Plaintiff's complaint be dismissed, and for any other relief this Court deems appropriate.

        Respectfully submitted,

        s/ Marc J. Boxerman
        MARC J. BOXERMAN
        Senior Counsel

30 N. La Salle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (Fax)
mboxerman@cityofchicago.org
Atty. No. 06215790

**CERTIFICATE OF SERVICE**

    I, Marc J. Boxerman, an attorney, certify that I have caused a true and correct copy of the above **Notice of Motion** and **Defendants' Motion to Dismiss Counts IV and V of Plaintiff's Complaint** to be sent via e-filing to the person named below, a "Filing User" pursuant to Case Management/Electronic Case Files, on January 22, 2008, in accordance with the rules governing the electronic filing of documents.

                                                s/ Marc J. Boxerman
                                                MARC J. BOXERMAN

Person served:

Irene K. Dymkar
300 W. Adams, Suite 330
Chicago, IL 60606
dymkarlaw@ameritech.net